MICHAEL B. HORROW (SBN 162917)
SCOTT E. CALVERT (SBN 210787)
DONAHUE & HORROW, LLP
1960 E. Grand Ave., Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: scalvert@donahuehorrow.com

Attorneys for Plaintiff WILLIAM WHITE

# UNITES STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WHITE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GUARDIAN LIFE INSURANCE COMPANY; THE STAFFING RESOURCE GROUP, INC. GROUP ACCIDENTAL DEATH & DISMEMBERMENT PLAN AND DOES 1 THROUGH 10,<br><br>　　　　Defendants. | CASE NO.: '22CV1788 L    KSC<br><br>**COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN** |

DONAHUE & HORROW LLP

– 1 –

COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN

Plaintiff WILLIAM WHITE alleges as follows:

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f) and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. (hereafter, "ERISA") as it involves a claim by PLAINTIFF for accidental death and dismemberment benefits under an employee welfare benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 and 29 U.S.C. §1001, *et seq*, as this action involves a federal question.

2. The events and/or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2) and 29 U.S.C. §1132(e)(2), and the ends of justice so require.

3. The ERISA statute at 29 U.S.C. § 1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted. PLAINTIFF exhausted all administrative remedies.

4. At all relevant times, Plaintiff WILLIAM WHITE ("MR. WHITE" and "PLAINTIFF") was a resident of San Diego County, and a citizen of the State of California.

5. PLAINTIFF alleges upon information and belief that Defendant, GUARDIAN LIFE INSURANCE COMPANY ("GUARDIAN"), is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of New York and authorized to transact and transacting the business of insurance in this state.

6. PLAINTIFF alleges upon information and belief that Defendant THE STAFFING RESOURCE GROUP, INC. GROUP ACCIDENTAL DEATH & DISMEMBERMENT PLAN (the "PLAN") is an employee welfare benefit plan established and maintained by The Staffing Resource Group, Inc., to provide its employees with various benefits, including protection in the event of an accidental

death or dismemberment, and is the Plan Administrator.

7. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10, are unknown to PLAINTIFF who therefore sues said Defendants by such fictitious names. PLAINTIFF is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to MR. CAMERON.

8. PLAINTIFF is informed and believes and thereon alleges that on or about March 1, 2009, GUARDIAN issued Group Insurance Policy Number G-00751439 to The Staffing Resource Group, Inc., and the eligible participants and beneficiaries of the PLAN.

9. The Policy provides for Accidental Death and Dismemberment ("AD&D") benefits following a variety of occurrences, including in the event of a loss of a foot by eligible participants, including MR. WHITE.

10. Under the heading "Basic Accidental Death And Dismemberment With Catastrophic Loss Benefits," the PLAN promised, in pertinent part, "[w]e'll pay the benefits described below if you suffer an irreversible covered loss due to an accident that occurs while you are insured. The loss must be a direct result of the accident, independent of all other causes."

11. For a "[l]oss of a foot," the PLAN promised "50% of Insurance Amount." PLAINTIFF is informed and believes and thereon alleges that under the terms of the PLAN, the "Insurance Amount" was $100,000.

12. The PLAN also lists exclusions, explaining that it will not "pay for any loss caused directly or indirectly" in a variety of scenarios, including "while you are a driver in a motor vehicle accident, if you do not hold a current and valid driver's license."

13. On or about May 25, 2022, MR. WHITE was hit by a vehicle while operating his motorcycle. This resulted in a below-the-knee amputation of his left leg, which triggered his entitlement to AD&D benefits under the Plan. According to California Highway Patrol, MR. WHITE was not at fault for the accident that resulted in the amputation of entire foot and part of his leg.

14. On or about June 10, 2022, GUARDIAN received MR. WHITE's Group Accidental Dismemberment & Catastrophic Loss claim form, explaining that the amputation was the result of the motor vehicle accident. In further support of his claim, MR. WHITE provided GUARDIAN with various documents, including the Accident Report and relevant medical records. The Accident Report confirmed that MR. WHITE had a valid driver's license at the time of the accident.

15. By letter dated June 29, 2022, GUARDIAN informed MR. WHITE that it was denying his claim for AD&D on the grounds that because his "driver's license lacked the proper motorcycle endorsement," it was invoking the PLAN's exclusion for when an participant did not "hold a current and valid driver's license."

16. MR. WHITE, through counsel, timely appealed GUARDIAN's denial decision by letter dated August 23, 2022.

17. In the letter, PLAINTIFF explained that the basis for Guardian's denial decision was an exclusion in the Plan that states Guardian will not "pay for any loss caused directly or indirectly … while the employee is a driver in a motor vehicle accident, if he or she does not hold a current valid driver's license." However, because it was beyond dispute that he did, in fact, have a valid driver's license at the time of the accident, GUARDIAN's denial decision was improper.

18. In reality, GUARDIAN denied MR. WHITE claim, not because he did not have a "valid driver's license," but rather because he did not have a "motorcycle endorsement."

19. However, nothing in the Plan requires that MR. WHITE have a "motorcycle endorsement" in order to submit a payable claim, even if he was

– 4 –

operating a motorcycle at the time of the accident.  Under controlling case law, GUARDIAN cannot attempt to impose such a limitation after the fact as a basis to deny MR. WHITE's claim.

20.  Tellingly, as no time has Guardian specifically quoted any language in the PLAN stating that a "motorcycle endorsement" was required if the participant was operating a motorcycle at the time of the accident.  Thus, GUARDIAN's decision to deny MR. WHITE's claim because he did not have a "motorcycle endorsement" was improper.

21.  On or about October 19, 2022, GUARDIAN denied MR. WHITE's appeal, and affirmed the prior denial of the claim.

22.  PLAINTIFF's administrative remedies have been exhausted and he has the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

23.  As a direct and proximate result of the GUARDIAN's denial of PLAINTIFF's claim, he has been deprived of her benefits due under the PLAN.

24.  As a further direct and proximate result of the denial of benefits, PLAINTIFF has been required to incur attorneys' fees to pursue this action, and is entitled to have such fees paid by Defendants pursuant to 29 U.S.C. § 1132(g) (1), ERISA § 502(g) (1).

25.  A controversy now exists between the parties as to whether PLAINTIFF is entitled to benefits under the PLAN.  PLAINTIFF seeks the declaration of this Court that he is entitled to benefits from the PLAN.

COMPLAINT FOR BENEFITS UNDER A GROUP EMPLOYEE BENEFIT PLAN

1  WHEREFORE, Plaintiff prays for relief against Defendants as follows:

2      1.    An award of benefits as provided by the Plan, together with interest at
3  the legal rate from the date it became due until the date it is paid;

4      2.    For costs and reasonable attorneys' fees incurred in this action; and,

5      3.    For such other and further relief as the Court deems just and proper.

Dated: November 15, 2022                DONAHUE & HORROW LLP

_____
MICHAEL B. HORROW
SCOTT E. CALVERT
Attorneys for Plaintiff WILLIAM WHITE