UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WHITE,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GUARDIAN LIFE INSURANCE COMPANY, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-cv-1788-L-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ESTABLISH DE NOVO AS THE APPLICABLE STANDARD OF REVIEW**<br><br>**[ECF No. 27]** |

　　　In this action for review of Defendant Guardian Life Insurance Company's denial of Plaintiff's claim for accidental death and dismemberment benefits, Plaintiff filed a motion to establish de novo as the applicable standard of review under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001–1193c.  (ECF No. 27.)  Defendant opposed, arguing that an abuse-of-discretion standard applies, (ECF No. 30), and Plaintiff replied, (ECF No. 31).  For the reasons stated below, Plaintiff's motion is denied.

　　　A denial of benefits challenged under ERISA "is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which case an abuse of discretion standard applies. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  The policy at issue states in relevant part: "Guardian is the Claims Fiduciary with discretionary authority to determine eligibility for benefits and to construe the terms of the plan with respect to claims." (ECF No. 28-1, at 23.)  Thus the Court finds that the plan confers discretion on the administrator which would normally trigger abuse-of-discretion review.

　　　But California law prohibits insurance policies from assigning discretion to the insurer or administrator.  Cal. Ins. Code § 10110.6.  Specifically, "[i]f a policy . . . that

provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer . . . that provision is void and unenforceable." *Id.* Thus, Plaintiff argues, the discretionary clause is void and the appropriate standard of review is de novo.

Defendant responds that the policy designates Florida law as the law governing the policy, (ECF No. 28, at 13), and that there is no statute banning discretionary clauses in Florida. Accordingly, if the choice-of-law provision is enforceable then the discretionary clause is valid under Florida law and abuse of discretion is the correct standard. The outcome-determinative question then is which law controls.

Lawsuits concerning "ERISA-regulated plans [are] treated as federal questions." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56 (1987). "In federal question cases . . . the court should apply federal, not forum state, choice of law rules." *In re Lindsay*, 59 F.3d 942, 948 (9th Cir. 1995). Under federal law, "[w]here a choice of law is made by an ERISA contract, it should be followed, if not unreasonable or fundamentally unfair . . . so viewed from the time when the contract was made." *Wang Laboratories, Inc. v. Kagan*, 990 F.2d 1126, 1128–29 (9th Cir. 1993). Factors to be considered in determining whether a choice-of-law clause is unreasonable or fundamentally unfair include where the employer is headquartered and where most of the employees covered by the policy are located. *See id.* at 1129. The party contesting the choice-of-law provision—here, Plaintiff—bears the burden of showing that the provision is unreasonable or unfair. *See id.*

The Court finds that the application of Florida law to the policy at issue is neither unreasonable nor fundamentally unfair. Indeed, Plaintiff's employer, Staffing Resource Group, Inc. (SRG) is a corporation headquartered in Florida, and a majority of its employees are located in Florida. (ECF No. 30-1, Decl. of Melanie Wiltrout, at 2–3.) It is also worth noting that at the time the policy was issued in 2009, (*id.* at 2), section 10110.6 of the California Insurance Code had not yet gone into effect, eliminating the possibility that Defendant chose Florida law to avoid a statute banning discretionary clauses.

Plaintiff makes compelling policy arguments against the inclusion of discretionary clauses in insurance contracts but does not meaningfully address how the general application of Florida law to the entire policy at issue would be unreasonable or unfair when viewed at the time the policy was entered into. *See Wang*, 990 F.2d at 1129 (stating that the reasonableness of the choice of law must be viewed in the context of "when a particular individual could not know whether he would be a litigant"). Plaintiff's arguments sounding in state choice-of-law principles are likewise unavailing in this federal-question case. In sum, the Court concludes that the policy's choice of Florida law applies. It follows that the discretionary clause is valid and that **abuse of discretion is the applicable standard of review**. Plaintiff's motion to establish de novo as the standard of review is **DENIED**.

        **IT IS SO ORDERED.**

Dated: August 25, 2023

                                              Hon. M. James Lorenz
                                              United States District Judge